# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:10-CV-02400 OWW GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. #12] |
| K. HARRINGTON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 17, 2011, the undersigned issued an Order adopting the Findings and Recommendation of the magistrate judge that had recommended the petition be dismissed and judgment be entered. Judgment was entered the same date.

On March 3, 2011, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner fails to meet this standard. He contends the Court erred by dismissing his petition without granting him leave to amend in order to present cognizable claims. His arguments are without merit. Petitioner has presented his claims to this Court in several pleadings: first, in the original petition on December 27, 2010; next, in his amended petition on January 24, 2011; and finally, in his objections on February 9, 2011. In all of his pleadings, Petitioner's claims concern the conditions of his confinement. He claims, *inter alia*, that: 1) he was denied educational, vocational, and rehabilitation programming; 2) he was denied work assignment consideration; 3) he was denied "A-1-A" custody status; 4) he was denied a reduction in custody levels; 5) he was denied a transfer to San Quentin; 6) he was denied a transfer to be closer to family in Michigan, Massachusetts, or New York; 7) he was denied a transfer to locations where certain programs are available; 8) he was denied single-cell status; 9) he was denied meals in accordance with his religious beliefs; 10) he was issued multiple rules violations for refusing to double cell; 11) he was denied cleaning supplies, a mattress, a pillow, shower shoes, and adequate footwear; 12) he has been receiving his mail late; and 13) he has been denied compensation for a defective television and certain spoiled items. The only ground that could be construed to raise a cognizable ground for relief is Petitioner's claim that he was issued multiple rules violations for refusing to double cell. Petitioner complains he forfeited 600 days of credits as a result of these rules violations. Nevertheless, as stated by the Court in the Order of February 17, 2011, those claims were presented in a prior petition. See Young v. Smalls, 1:09-CV-02071 GSA HC.[1] To the extent that Petitioner seeks reinstatement of his custody credits, he must seek relief in the prior case.

Petitioner's arguments present no basis for relief. Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   March 14, 2011**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

---

[1] The case was transferred to the Southern District of California on December 2, 2009, and opened in that Court as case number 3:09-cv-2733.